To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:
TUMOLO, Chairman,
Pursuant to Pennsylvania Rule of Disciplinary Enforcement 218, the following report and recommendation is hereby submitted by the Disciplinary Board of the Supreme Court of Pennsylvania, hereinafter referred to as “board.”
PROCEDURAL HISTORY
As a result of respondent’s guilty plea on May 31, 1985 to five counts of possession of cocaine the Supreme Court of Pennsylvania placed him on interim suspension by order dated August 2, 1985.
On August 28, 1985 a petition for discipline was filed.
On January 30, 1987 a hearing was held on the petition, at which time respondent was no longer incarcerated but was still serving a period of probation. On June 1, 1987 the hearing committee recom *562 mended that respondent remain on suspension until he completed probation.
On October 5, 1987 the board recommended suspension of three and one-half years commencing retroactively on August 2, 1985. The board recommendation rejected the position of the Office of Disciplinary Counsel that a lawyer cannot have a license to practice while he still is on any form of criminal probation.
The Supreme Court by order dated July 15, 1988, exercising its powers of de novo review, suspended respondent for a period of five years retroactive to August 2, 1985.
On May 29, 1990 respondent filed a petition for reinstatement. A hearing was held on August 15, 1990 before Hearing Committee [ ] consisting of [ ]. That committee unanimously recommended reinstatement, and the Office of Disciplinary Counsel did not file exceptions..
FINDINGS OF FACT
(1) Respondent was admitted to the bar of the Supreme Court of Pennsylvania in 1976.
(2) Other than the disciplinary infraction which is the subject matter of this reinstatement proceeding the record does not reveal any other disciplinary violations.
(3) Respondent has satisfied the objective criteria set forth in Board Rule 89.279 by taking the PBI courses in all of the eight areas required to establish current competency in the law of Pennsylvania. In addition, respondent has kept current with advance sheets, and of at least as much importance is the fact that respondent has developed an expertise in real property and mineral rights while working as a paralegal. This will allow respondent, after readmis *563 sion to the Pennsylvania bar, and upon satisfactorily passing the West Virginia Bar Examination, to become an associate in a [A] law firm.
(4) Petitioner has completed all phases of his criminal probation.
(5) Petitioner has voluntarily participated in drug counseling programs and there is no indication whatsoever on the record that he has any residual drug problem.
(6) After a full revelation of his past history of criminal and disciplinary difficulties, respondent’s work as a paralegal was rated outstanding, as were his moral qualifications, by two attorneys who interacted with him on both a professional and social basis.
(7) Respondent enjoys an excellent reputation for honesty in the community in which he resides, and is involved with family members in local church activities.
(8) Respondent’s readmission to the bar of the Supreme Court of Pennsylvania will neither be detrimental to the integrity of the bar, or to the administration of justice, nor will it be subversive to the public interest.
DISCUSSION
In a readmission proceeding, respondent has the burden of proof by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required for admission to practice, and that the resumption of the practice of law within the Commonwealth will neither be detrimental to the integrity of the bar, or the administration of justice, nor subversive to the public interest. The facts on this record, unopposed by the Office of Disciplinary Counsel, more than meet the criteria *564 for reinstatement. See In re Anonymous No. 30 D.B. 79, 1 D.&C. 4th 14 (1987), and In re Anonymous No. 46 D.B. 75, 50 D.&C. 3d 170 (1987).
As to competency, respondent has met the objective criteria provided for in the rules by taking the courses identified by the Office of the Secretary. In addition, he has been involved in paralegal activities, none of which entailed direct client contact. And finally, he has testified that he has kept abreast of current developments in the law.
The evidence shows that he is completely rehabilitated from any drug problems. His involvement in community activities and the professional way that he has conducted himself has led to the willingness of both attorneys and lay witnesses to vouch for his excellent moral character. In the event he is readmitted to the bar of the Commonwealth of Pennsylvania, he will sit for the West Virginia Bar Examination and, in the event he passes, he will become an associate in a [A] Law Firm.
RECOMMENDATION
The board unanimously recommends to the Supreme Court of Pennsylvania that respondent be readmitted to the bar of the Supreme Court of Pennsylvania, and that he be directed to pay the costs of these proceedings.
Mr. Gilardi did not participate in the adjudication.
ORDER
And now, December 26, 1990, upon consideration of the report and recommendations of the Disciplinary Board dated November 6, 1990, the petition for reinstatement is granted.
*565 Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.